UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **Michael Barnett**, <br><br> Plaintiff, <br><br> v. <br><br> **Performance Food Group, Inc**. <br><br> Defendant. | Case No. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> JURY DEMAND |

Now comes Plaintiff, Michael Barnett, ("Plaintiff"), by and through counsel and hereby states the following as his Complaint against Defendant, Performance Food Group, Inc. (hereafter "Defendant" or "PFG"):

**PRELIMINARY STATEMENT**

1. This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA").

2. This is an action for overtime pay, treble damages, attorneys' fees, costs, and interest under the Missouri Minimum Wage Law § 290.500 *et seq*. ("MMWL").

3. Plaintiff brings this action to recover the unpaid overtime wages owed to him as a result of Defendant's misclassification of Plaintiff as exempt from the overtime requirements of the FLSA and MMWL.

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of no less than $7.25 per hour and an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

-1-

5. Plaintiff brings this action on behalf of all Supervisors[1] who worked for PFG nationwide at any point between three years prior to filing their consent forms in this action to the present. Such individuals are referred to herein as the Collective Members.

6. Under the MMWL no employee shall be employed for a workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times his or her regular rate. "Missouri law regulating overtime compensation is to be interpreted in accordance with the Fair Labor Standards Act." *E.g. Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 97 (Mo. Ct. App. 2014) (citations omitted).

7. Plaintiff brings this action on behalf of all Supervisors who worked for PFG in Missouri at any point between three years prior to the filing of this action to the present. Such individuals are referred to herein as the Class Members.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because PFG is incorporated under the laws of Colorado, and PFG regularly conducts business in and has engaged in the wrongful conduct alleged in the Complaint – and, thus, is subject to personal jurisdiction in – this judicial district.

---

[1] The term Supervisors is used generally to mean any and all individuals similarly situated to Plaintiff regardless of job title.

## PARTIES

10. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in St. Louis, Missouri, and is a former employee of PFG.

12. At all material times, Plaintiff was a full-time employee of PFG who worked as a production supervisor from approximately June 1, 2022 through approximately June 30, 2022.

13. At all material times, Plaintiff was employed by PFG and paid as an exempt employee.

14. At all relevant times, PFG employed Plaintiff to perform various non-exempt duties, including, but not limited to, testing food, packing food and general manual labor duties.

15. At all material times, Plaintiff was an employee of PFG as defined by the FLSA, 29 U.S.C. § 203(e)(1).

16. At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a) and (b).

17. PFG was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Under the FLSA, PFG is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, PFG had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with PFG. Having acted in the interest of PFG in relation to its employees, including Plaintiff, PFG is subject to liability under the FLSA.

19. At all relevant times, PFG was Plaintiff's employer under the MMWL.

20. At all relevant times, Plaintiff was an "employee" of PFG as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. At all relevant times, Plaintiff was an employee of PFG as defined by the MMWL.

22. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to PFG.

23. The provisions set forth in the Missouri Revised Statutes § 290.500 *et seq.*, apply to PFG.

24. At all relevant times, Plaintiff in his work for PFG, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for PFG, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **FACTUAL ALLEGATIONS**

26. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27. Performance Food Group delivers more than 300,000 food and related products to customers across the United States.

28. On or around June 1, 2022, Plaintiff began his employment with PFG, performing primarily non-exempt tasks, such as moving and organizing large boxes of meats, moving and organizing pallets, operating a pallet jack, working on the production line, operating pneumatic packaging machines, cleaning and maintenance throughout the warehouse and food quality testing.

29. In his employment for PFG, Plaintiff regularly and consistently worked between sixty (60) and seventy (70) hours per workweek.

30. PFG did not keep accurate record of the number of hours that Plaintiff was working for PFG in any given workweek.

31. PFG did not pay Plaintiff an overtime premium equal to one and one-half his regular rate of pay for the hours he worked which were in excess of forty (40) hours in a given workweek.

32. Instead PFG told Plaintiff that he was not entitled to overtime on the account of being paid a salary of approximately $750.00 per week.

33. In his work for PFG, Plaintiff was not an outside sales employee.

34. In his work for PFG, Plaintiff was not employed by an establishment that qualifies as a bona fide "retail or service establishment."

35. In his work for PFG, Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

36. In his work for PFG, Plaintiff did not have the authority to hire or fire other employees, nor were his suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

37. In his work for PFG, Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of PFG's business.

38. In his work for PFG, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

39. As a result of PFG's failure to compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek, PFG has violated the FLSA and MMWL.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Supervisors of PFG.

42. PFG subjected all of their Supervisors, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

43. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to PFG's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the covered positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

44. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

45. The Collective Members perform or have performed the same or similar work as Plaintiff.

46. PFG's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

47. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by PFG that caused harm to all of the Collective Members.

48. As such, Plaintiff brings his FLSA overtime claim as a collective action on behalf of the following class:

> **All current and former Supervisors of PFG who worked in the United States at any time starting three years before filing their consent to join this lawsuit up to the present.**

49. PFG's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

50. PFG was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

51. PFG's unlawful conduct has been widespread, repeated, and consistent.

52. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

53. Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former PFG employees. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in

PFG's possession, custody, or control, but it can be readily ascertained from their employment records.

54. Notice can be provided to the Collective Members by First Class Mail to the last address known to PFG, via email at the last known email address known to Endurance, by text message to the last known telephone number known to PFG and by workplace posting at each of PFG's facilities.

## RULE 23 CLASS DEFINITIONS AND ALLEATIONS

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff brings Claims for Relief for violation of the MMWL as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Class Members:

> **All current and former Supervisors of PFG who worked in Missouri at any time starting three years before this Complaint was filed, up to the present.**

**Numerosity (Rule 23(a)(1)).**

57. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that PFG employed greater than one hundred people who satisfy the definition of the MMWL Class.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

58. Common questions of law and fact exist as to the Plaintiffs and the members of the Class including, but not limited to, the following:

    a. Whether PFG unlawfully failed to pay members of the Class the overtime wage, in violation of the Misouri Minimum Wage Law;

b. Whether PFG unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the class as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Class.

### b. Typicality (Rule 23(a)(3)).

59. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Members of the Class, were subjected to PFG's illegal scheme to maximize profits by depriving their employees of overtime compensation and making adequate expense reimbursements.

### c. Adequacy (Rule 23(a)(4)).

60. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

61. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because PFG acted or refused to act on grounds generally applicable to the members of the Class, making appropriate declaratory relief with respect to the members of the Class as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

62. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class members predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. PFG's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to

resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Endurance's practices.

63. Plaintiff intends to send notice to all members of the Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. PFG misclassified Plaintiff and the Collective Members as "exempt" from overtime under the FLSA.

66. PFG operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rate of pay for all time spent working in excess of 40 hours per workweek.

67. While employed by PFG, Plaintiff and the Collectie Members worked tens of hours of overtime per week each and every workweek for which they worked for PFG, and PFG did not pay Plaintiff and the Collective Members one-and-one-half times his regular rate of pay for such time.

68. As a result, PFG has failed and/or refused to pay Plaintiff and the Collective Members overtime according to the overtime provisions of the FLSA.

69. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will become

available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

70. As a result of PFG's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times his regular rate of pay for work they performed for PFG in excess of a regular 40-hour workweek, PFG violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: MISSOURI MINIMUM WAGE LAW
### UNPAID OVERTIME

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Under the MMWL no employee shall be employed for a workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times his or her regular rate. "Missouri law regulating overtime compensation is to be interpreted in accordance with the Fair Labor Standards Act." *E.g. Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 97 (Mo. Ct. App. 2014) (citations omitted).

73. PFG misclassified Plaintiff and the Class Members as "exempt" from overtime under the MMWL.

74. PFG operated pursuant to their policy and practice of not paying Plaintiff and the Class Members one and one-half times their regular rate of pay for all time spent working in excess of 40 hours per workweek.

75. While employed by PFG, Plaintiff and the Class Members worked tens of hours of overtime per week each and every workweek for which they worked for PFG, and PFG did not pay Plaintiff and the Class members one-and-one-half times his regular rate of pay for such time.

76. As a result, PFG has failed and/or refused to pay Plaintiff and the Class Members overtime according to the overtime provisions of the MMWL.

77. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

78. As a result of PFG's failure or refusal to pay Plaintiff and the Class Members a wage equal to one and one-half times their regular rate of pay for work they performed for PFG in excess of a regular 40-hour workweek, PFG violated the MMWL. Plaintiff and the Class Members are therefore entitled to compensation of one-and-one-half times their regular rate of pay, to be proven at trial, plus an additional amount equal to two times all unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michael Barnett, requests that this Court grant the following relief in Plaintiff's favor, and against Performance Food Group, Inc.:

A. For the Court to declare and find that the Defendant violated the overtime provisions of the FLSA, by failing to pay proper overtime wages;

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff and the Collective Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F. For the Court to declare that Defendant violated the overtime provisions of the MMWL by failing to pay proper overtime wages.

G. For the Court to award all unpaid wages owed to Plaintiff and the Class Members as a result of Defendant's violation of the MMWL;

H. For the Court to award Plaintiff and the Class Members two-times the amont of all unpaid wages owed to Plaintiff and the Class Members as a result of Defendant's violation of the MMWL;

I. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of September 2024.

s/ *James L. Simon*
James L. Simon (*admitted pro hac vice*)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Phone: (216) 816-8696
Email: james@simonsaypay.com

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/     *James L. Simon*